**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5201-14T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL C. BATTISTA,

    Defendant-Respondent.

_____

Argued June 6, 2017 — Decided July 14, 2017

Before Judges Yannotti and Gilson.

On appeal from the Superior Court of New
Jersey, Law Division, Ocean County, Indictment
No. 14-08-2155.

Peter M. O'Mara argued the cause for
appellant.

Shiraz Imran Deen, Assistant Prosecutor,
argued the cause for respondent (Joseph D.
Coronato, Ocean County Prosecutor, attorney;
Mr. Deen, of counsel and on the brief).

PER CURIAM

    Following the denial of his motion to suppress his arrest

warrant, defendant Michael C. Battista pled guilty to second-

degree possession of psilocin with intent to distribute, N.J.S.A.

2C:35-5(a)(1) and -5(b)(4). In accordance with the plea agreement, defendant was sentenced in the third-degree range to three years in prison, but that sentence was stayed pending this appeal. Defendant now appeals the February 10, 2015 order denying his motion to suppress the arrest warrant. We affirm.

I.

The material facts are established in the record, which includes the arrest warrant and the affidavit filed in support of the application for the arrest warrant.

In 2013, the Ocean County Prosecutor's Office/Special Operations Group (SOG) was conducting an investigation of a suspected drug distribution network. The SOG believed that the network centered around co-defendant Jeremy Zahn and was operated out of an automobile repair shop. As part of that investigation, the SOG obtained a wiretap order and a data communication warrant.

On February 28, 2013, a detective intercepted two text messages between Zahn and defendant. The text messages read:

> [Zahn:] Kk I have the hash for ya and maybe
> one or two well have to see I haven't been
> able to get that cheap out door for u yet but
> ill talk to u tom
>
> [Defendant:] Cool thanks for tryin.

That same day, the SOG set up surveillance of Zahn's automobile repair shop. The detective who conducted the

surveillance observed a man, later identified as defendant, drive up to the automobile shop, park, and meet with Zahn in the parking lot. Defendant and Zahn then went inside the shop. Shortly thereafter, defendant left the shop and drove home.

Based on the information obtained in the investigation, a detective assigned to the SOG submitted an affidavit requesting an arrest warrant for defendant. The affidavit asserted that defendant had conspired with Jeremy Zahn and others to possess marijuana in an amount of five pounds or more with the intent to distribute, which is a crime of the second-degree. N.J.S.A. 2C:35-5(b)(10)(b).

To support that assertion, the detective detailed that there was an ongoing investigation of Jeremy Zahn, defendant, and others. The detective explained that he had intercepted the texts between Zahn and defendant on February 28, 2013. The detective went on to explain that based on his training and experience, along with knowledge of the investigation, he believed that Jeremy Zahn was a large-scale marijuana dealer, selling in one to ten pound increments. He stated that Zahn and defendant would use words like "one" or "two" to refer to pound quantities of marijuana. In addition to the February 28, 2013 texts, the detective referred to other intercepted communications and stated his belief that the one or two pounds of marijuana that defendant conspired to buy

from Zahn was an amount defendant would possess with the intent to distribute. The detective also certified that he had probable cause to believe that, during the course of the conspiracy, Jeremy Zahn, defendant, and others, had conspired to distribute marijuana in a quantity of five pounds or more.

A Superior Court judge reviewed the affidavit and then authorized an arrest warrant for defendant on the charge of conspiring with Zahn and others to possess with intent to distribute a quantity of marijuana in an amount of five pounds or more, in violation of N.J.S.A. 2C:35-5(b)(10)(b). On April 3, 2013, members of the SOG executed the arrest warrant. When defendant was arrested at his residence, the officers also discovered and seized a substantial quantity of marijuana, LSD, MDMA, hashish, and psilocin.

Defendant was initially charged with seven third-degree and fourth-degree drug offenses. Thereafter, he was indicted, together with a group of co-defendants. The indictment charged defendant with eight drug offenses, including second-degree possession of psilocin with intent to distribute.

Following his indictment, defendant filed a motion to suppress his arrest warrant arguing that the warrant included false statements. The trial court heard oral argument on that motion and denied it without an evidentiary hearing. The court

ruled that defendant had failed to meet the burden of proving that the arrest warrant was not supported by probable cause. The court also found that defendant had failed to show that any statement made by the detective who filed the affidavit in support of the arrest warrant was false.

## II.

Defendant appeals and makes two arguments:

POINT I — THE ARREST WARRANT WAS INVALID BECAUSE IT WAS BASED ON FALSE STATEMENTS THAT WERE RELIED UPON FOR THE ISSUANCE OF THE WARRANT.

POINT II — THE AFFIDAVIT DID NOT [ESTABLISH PROBABLE CAUSE FOR A CHARGE OF SECOND-DEGREE CONSPIRACY TO POSSESS MARIJUANA WITH THE INTENT TO DISTRIBUTE].

We give deference to the factual findings of a trial court when supported by sufficient credible evidence in the record. State v. Gonzales, 227 N.J. 77, 101 (2016). Ordinarily, "factual findings are entitled to deference because the motion judge, unlike an appellate court, has the 'opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" Ibid. (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). Here, the trial court did not conduct an evidentiary hearing. Instead, the court reviewed the affidavit and arrest warrant and considered the arguments of the parties. We have also reviewed the affidavit and arrest warrant. Our

review, however, is not de novo because "a standard of deference to a trial court's factfindings, even factfindings based solely on video or documentary evidence [equally available to the appellate court], best advances the interests of justice in a judicial system that assigns different roles to trial courts and appellate courts."  State v. S.S., ___ N.J. ___, ___ (June 21, 2017) (slip op. at 25).

Having evaluated the record using our standard of review, we agree with the trial court.  That is, there was no showing that the affidavit contained false statements.  Moreover, the affidavit established probable cause for the issuance of an arrest warrant based on a second-degree charge of conspiracy to distribute five or more pounds of marijuana.

"An arrest warrant is issued by a magistrate upon a showing that probable cause exists to believe that the subject of the warrant has committed an offense."  State v. Miller, 342 N.J. Super. 474, 488 (App. Div. 2001) (quoting Steagald v. United States, 451 U.S. 204, 212-13, 101 S. Ct. 1642, 1648, 68 L. Ed. 2d 38, 46 (1981)).  Probable cause means "a suspicion of guilt that is well grounded; a reasonable basis for a belief that a crime has been or is being committed."  State v. Goldberg, 214 N.J. Super. 401, 406 (App. Div. 1986) (quoting State v. Kasabucki, 52 N.J. 110, 116 (1968)), certif. denied, 107 N.J. 118 (1987).

Once issued, a warrant is presumed valid and a defendant challenging the validity of a warrant has the burden to prove that there was no probable cause supporting the issuance of the warrant. State v. Jones, 179 N.J. 377, 388 (2004). "Accordingly, courts 'accord substantial deference to the discretionary determination resulting in the issuance of [a] warrant.'" State v. Keyes, 184 N.J. 541, 554 (2005) (quoting Jones, supra, 179 N.J. at 388).

Deference to a judge's issuance of a warrant, however, is "not boundless." United States v. Leon, 468 U.S. 897, 914, 104 S. Ct. 3405, 3416, 82 L. Ed. 2d 677, 693 (1984). The warrant cannot be based on an affidavit that does not "provide the magistrate with a substantial basis for determining the existence of probable cause." Illinois v. Gates, 462 U.S. 213, 239, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527, 549 (1983). Further, "probable cause is not established by a conclusory affidavit that does not provide a magistrate with sufficient facts to make an independent determination as to whether the warrant should issue." State v. Novembrino, 105 N.J. 95, 109 (1987).

When a defendant challenges the veracity of an affidavit supporting the issuance of a warrant, the defendant is entitled to an evidentiary hearing upon a "'substantial preliminary showing' of falsity in the warrant." State v. Howery, 80 N.J. 563, 567 (1979) (quoting Franks v. Delaware, 438 U.S. 154, 170,

98 <u>S. Ct.</u> 2674, 2684, 57 <u>L. Ed.</u> 2d 667, 681 (1978)). Defendant cannot rely on unintentional falsification, but "must allege 'deliberate falsehood or reckless disregard for the truth[.]'" <u>Ibid.</u> (quoting <u>Franks</u>, <u>supra</u>, 438 <u>U.S.</u> at 171, 98 <u>S. Ct.</u> at 2684, 57 <u>L. Ed.</u> 2d at 682). Further, the affidavit must fail to establish probable cause in the absence of the allegedly false statements. <u>Id.</u> at 568.

Here, defendant argues that the affidavit supporting the arrest warrant contained false material statements. Moreover, defendant contends that the intercepted communications on February 28, 2013, indicated the purchase of only one or two pounds of marijuana, not five or more pounds as the affiant alleged.

The affidavit accurately reported the amount of one or two pounds. The affidavit also went on to state, however, that there was an ongoing investigation and that the detective had intercepted other communications providing probable cause to believe that there was a broader conspiracy with other sales. Consequently, read in totality, the affidavit supported probable cause to believe that defendant was part of a conspiracy in an ongoing drug distribution network. Specifically, it provided the judge with a substantial basis to conclude that there was probable cause to believe defendant participated in a conspiracy to distribute five or more pounds of marijuana.

Since defendant failed to make any showing of false statements contained in the affidavit, defendant was not entitled to an evidentiary hearing. Further, the information contained in the affidavit provided probable cause for the issuance of the arrest warrant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION